# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

           v.

MARIO J. DANIELS,

        Defendant.
_____/

Case No. 03-50015
HON. TERRENCE G. BERG

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR EXPUNGEMENT (DKT. 17)

In this case, Defendant Mario J. Daniels asks the Court to expunge his felony conviction so he can obtain a firearm. (Dkt. 17). The Government filed a response on February 24, 2016 arguing that the Court has no jurisdiction to expunge the felony conviction. (Dkt. 20). This position is correct.  Because the Court lacks jurisdiction to expunge Defendant's conviction, Defendant's motion for expungement will be **DENIED**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

In 2003, Defendant was charged with 81 counts of aiding in the preparation of false tax returns, in violation of 26 U.S.C. § 7206(2), one count of obstructing the Internal Revenue Service, in violation of 26 U.S.C. § 7212(a), and twelve counts of wire fraud, in violation of 18 U.S.C. § 1343. (Dkt. 8). Defendant was sentenced to 27 months of imprisonment followed by one year of supervised release. (Dkt. 13). Defendant now seeks to have his conviction expunged (Dkt. 17) so that he can obtain a license for a firearm for the protection of his household. (Dkt. 18).

## II. ANALYSIS

Title 18 U.S.C. § 3231 defines the scope of the criminal jurisdiction of the United State Courts: "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." As courts of limited jurisdiction, federal courts possess only those powers authorized by the Constitution and federal statutes and may not expand such powers by judicial decree. *United States v. Lucido*, 612 F.3d 871, 873 (6th Cir. 2010) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)) (internal quotation marks omitted). The Sixth Circuit discussed the authority of district courts to grant expungement in three recent decisions, *see, e.g.*, *United States v. Carey*, 602 F.3d 738 (6th Cir. 2010); *Lucido*, 612 F.3d at 871; *United States v. Field*, 756 F.3d 911 (6th Cir 2014).

In *Lucido*, the Sixth Circuit identified three possible circumstances in which a federal court could exercise its authority to expunge a conviction. *Id.* at 873. A federal court possesses jurisdiction when (1) the court has original jurisdiction under 18 U.S.C § 3231; (2) a statute authorizes expungement of the conviction under the circumstances; or (3) a court has authority under its ancillary jurisdiction. *Id.* at 873. In addition, the Sixth Circuit has recognized that where motions for expungement challenge an unconstitutional conviction or an illegal arrest or are otherwise based upon a constitutional claim, federal courts may have ancillary jurisdiction to consider the motion. *Field*, 756 F.3d at 915 (citing *Carey*, 602 F.3d at 739).

2

The Court does not have jurisdiction under the first ground because § 3231 confers jurisdiction for "offenses against the laws of the United States" only, and the motion for expungement is a request for an equitable form of relief seeking to alter public records, it does not involve an offense against the United States. Defendant was originally charged and sentenced for violations of 26 U.S.C. § 7206(2), 26 U.S.C § 7212(a), and 18 U.S.C. § 1343. (Dkt. 8). The Court had original jurisdiction in Defendant's underlying criminal case, because it was for offenses against the laws of the United States. However, Defendant's request for expungement is independent from the criminal proceedings. Therefore, the Court does not have original jurisdiction under 18 U.S.C. § 3231 to expunge Defendant's conviction.

As to the second ground, the Court also lacks jurisdiction because there is no statutory authority that authorizes expungement under these circumstances, and Defendant fails to identify any. Under the third ground, a court may have the authority to expunge a felony conviction under its ancillary jurisdiction. The Supreme Court has identified two forms of ancillary jurisdiction, "(1) to permit disposition by a single court of claims that are . . . factually interdependent; and (2) to enable a court to . . . manage its proceedings, vindicate its authority, and effectuate its decrees." *Kokkonen*, 511 U.S at 379-80. In this case, the Court's authority to resolve factually interdependent claims does not apply to a request that is made thirteen years after the original sentence. Defendant's case has been long resolved and he has not identified any matter left to vindicate or effectuate from the previous proceedings.

Ancillary jurisdiction may also apply to motions for expungement that either challenge an unconstitutional conviction or an illegal arrest or are otherwise based upon a constitutional claim. *Field*, 756 F.3d at 915 (citing *Carey*, 602 F.3d at 739). Here, Defendant makes no claim that his arrest was illegal or that his conviction was unconstitutional; nor is Defendant's request based upon some other constitutional claim. Defendant's sole reason for his request is so that he can purchase a firearm in his name for the protection of his household. (Dkt. 17). This reason is insufficient to invoke ancillary jurisdiction.

Lastly, while the Sixth Circuit has noted "[a]n order on a motion to expunge a conviction is within the equitable jurisdiction of the federal district court," *Id*. at 915 (citing *Carey*, 602 F.3d at 740), the fact that a defendant bases a request for expungement on equitable grounds does not relieve him from meeting the requirements for ancillary jurisdiction. A motion to expunge based on purely equitable grounds will not establish ancillary jurisdiction unless granting relief vindicates the district court's authority or to effectuate its decrees or involves factually interdependent determinations. *Id*. at 915 (citing *Lucido*, 612 F.3d at 874). Here, Defendant has not alleged that his felony conviction be expunged based on equitable considerations. Defendant seeks an expungement for the sole purpose of obtaining a license to register a firearm in his name, not because equity demands expungement of his conviction. (Dkt 17). Moreover, even if Defendant's motion could be construed to assert equitable claims, it is clear that granting relief would not

4

effectuate the court's orders or resolve any factually interdependent claims. Consequently, this court has no jurisdiction to consider Defendant's motion.

### III. CONCLUSION

For the reasons explained above, the Court lacks the jurisdiction to grant Defendant's request for expungement of his felony conviction. (Dkt. 17). Accordingly, Defendant's request for expungement is hereby **DENIED**.

**SO ORDERED.**

Dated: August 8, 2016                  s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

### Certificate of Service

I hereby certify that this Order was electronically submitted on August 8, 2016, using the CM/ECF system, which will send notification to all parties.

s/A. Chubb
Case Manager